CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JENNIFER LYNN COLE,** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00222<br>) |
| v. | ) **OPINION**<br>) |
| **DUFFIELD JAIL MEDICAL DEPT.,** | ) JUDGE JAMES P. JONES<br>) |
| Defendant. | )<br>) |

*Jennifer Lynn Cole, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding without an attorney, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail medical staff failed to timely and appropriately treat her facial sores. After review of the Complaint, I conclude that the action must be summarily dismissed without prejudice.

Cole's claims concern events that occurred while she was incarcerated at the Southwest Virginia Regional Jail (SWVRJ) in Duffield, Virginia. Her allegations are sparse:

> I was told I would see the Dr. But months passed with nothing being done.

> I have had Staph on my face & neck since Oct. 2024 & I've told medical numerous times that's what these sores are. They never even tested it until recently yet now I have scars from it!

Compl. 2, ECF No. 1.  Cole sues "Duffield Jail Medical Dept." and as relief, seeks a refund of all medical fees and compensation for her pain, suffering, and removing her scars.  *Id.* at 3.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  To state a cause of action under §1983, a plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Cole cannot prevail in a § 1983 lawsuit against SWVRJ's medical department personnel as a group.  A local jail facility itself cannot qualify as a person subject to being sued under § 1983.  *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued").  The SWVRJ medical department is also not subject to suit under § 1983.  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights" (internal quotation marks, citation and alteration omitted)).  Since the SWVRJ medical

department is the only defendant Cole has named, I will summarily dismiss this case without prejudice, pursuant to § 1997e(c), for failure to state a claim.[1]

A separate Order will be entered herewith.

DATED: July 16, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] To the extent that Cole might also be suing the jail authority as a defendant, her § 1983 claims fail on the facts she has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the alleged constitutional violation. *Polk Cty v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted). Cole has not stated facts showing that jail authority policies caused the medical issues of which she complains.